UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PAUL E. LUCAS, SR., and | ) | |
| RUBY M. LUCAS, | ) | |
| Plaintiffs, | ) | 2:03-cv-00498-PPS-APR |
| v. | ) | |
| GC SERVICES L.P.; | ) | |
| DLS ENTERPRISES, INC.; and | ) | |
| GC FINANCIAL CORPORATION, | ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER**

This matter having come before the Court on the request of all parties, Ruby and Paul Lucas ("Plaintiffs"), GC Services L.P., DLS Enterprises, Inc. and GC Financial Corporation ("Defendants") for final approval of the class action Settlement Agreement reached in this matter (Settlement Agreement).

During the fairness hearing, this Court was advised that the total number of individuals who returned completed claim forms is 11. Of those 11 individuals, only Doug Brown qualifies as a Class Member. Adequate notice was effectuated through publication. No Class Members requested to opt out and no Class Members objected to the Settlement Agreement.

As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as: "All persons with an Indiana address that GC Services sent an initial debt collection letter between November 19, 2002 and December 9, 2003." The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

In light of the foregoing, **IT IS HEREBY ORDERED:**

1. **Final Approval of Settlement Agreement.** The Court finds that this action may be maintained as a class action with the Settlement Class as defined above. The Court also finds that the Plaintiffs, as the Class representatives, fairly and adequately represent the

interests of the Class and that Class Counsel fairly and adequately represent the interests of the Plaintiffs and the Class. The Court further finds that the proposed settlement is fair and reasonable and adequate and that this settlement was entered into in good faith and grants final approval to it, and directs that the parties implement the Settlement Agreement, including all releases and payments. The Court approves the notice to the Class as consistent with due process and the requirements of Rule 23.

      2.    **Relief to Class Members, Class Representatives and Class Counsel.** The settlement funds are approved as follows:

          a.    **Relief to Plaintiffs.** The Court approves as fair and reasonable payment of $1,000 each to Ruby and Paul Lucas for their FDCPA claims to be paid by Defendants.

          b.    **Distribution to the Settlement Class.** The Court approves distribution of $750 to Doug Brown.

          c.    **Attorneys' Fees and Costs.** The Court approves as fair and reasonable attorneys fees and costs as fair and reasonable in the amount of $ 85,000 to be paid by Defendants.

      3.    **Cy Pres and Publication Reimbursement.**

          a.    **Initial Cy Pres.** The Court orders that defendants pay $ 5,000 each to the University of Notre Dame Law School, the Indiana University Law School (Bloomington campus), the Indiana University Law School (Indianapolis campus), and Valparaiso University Law School for their legal clinic programs.

          b.    **Publication Reimbursement.** The Court approves defendants'

application for reimbursement of the costs associated with newspaper publication of the class notice, in the amount of $ 25,500.

        c.    **Remaining Funds.** Any money of the $83,000 Class Relief that remains after reimbursement of the costs of newspaper notice (including uncashed checks), shall be split up equally and paid to the University of Notre Dame Law School, the Indiana University Law School (Bloomington campus), the Indiana University Law School (Indianapolis campus), and Valparaiso University Law School.

    4.    **Releases**. Plaintiffs and the class members, as of the Effective Date of the Settlement Agreement, do hereby release and forever discharge Defendants, their present of former parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, limited partners, general partners, attorneys, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns from all causes of action, suits, claims and demands, liabilities, judgments, debts, charges, damages, dues and obligations of every kind and nature that they, their heirs, successors and assigns have or may have including any claims for payment of indemnity or attorney's fees and costs, whatsoever, and/or claims brought or claims that would or could have been brought, arising out of any of the allegations made in the Lawsuit from the beginning of the world to the date hereof and any other causally related facts, transactions, and occurrences. Defendants expressly deny liability for any such claims. Defendants represent that they do not own the debts, and nothing herein affects the rights and defenses of the owners of the debts or the debtors.

    5.    **Distribution of Settlement Amounts.** Defendants shall distribute the items and amounts set forth in ¶ 2(b) by First Class mail with address forwarding **within 30 days** after the

Effective Date in the Settlement Agreement. Any mail returned with a forwarding address will be re-mailed.

6. **Case Dismissed.** The Court dismisses the claims of Plaintiff and the Class against defendants with prejudice and without costs, except as provided in the Settlement Agreement.

7. **Vacate Order.** Pursuant to this Court's Order of December 12, 2005, the February 28, 2005 order of Magistrate Judge Rodovich [Doc. 99] is hereby **VACATED**.

8. **Jurisdiction.** The Court retains jurisdiction over the interpretation, enforcement and implementation of the Settlement Agreement and of this Order.

**SO ORDERED.**

Dated: April 23, 2007

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT